UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                          Plaintiff,<br><br>v.<br><br>GARY HANAFIN, et al.,<br><br>                         Defendants. | Case No.: 15CV2950 BEN (NLS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Docket No. 13] |

      Plaintiff Chris Langer filed his initial Complaint in this action on December 30, 2015 alleging violations of the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. (Docket No. 1.) Plaintiff alleges that when he visited Defendants' store, Gems N' Loans ("the Store"), there were no accessible parking spaces for persons with disabilities in the parking lot. (Compl. ¶¶ 13-16.) Plaintiff now seeks to file an amended complaint to add the entity that owns the parking lot. (Pl.'s Proposed First Amended Complaint ¶¶ 4-5; Pl.'s Mot. for Leave to Amend. ("Pl.'s Mot.") 8-9.) Defendants filed an Opposition raising futility of amendment. (Docket No. 16.) Plaintiff did not file a Reply. The Motion is **GRANTED.**

**BACKGROUND**

**I.    Factual Background**

      Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (Compl. ¶ 1.) He has a van with a specially equipped ramp that deploys out of his van

and he has a Disabled Person Parking Placard. (*Id.*) He alleges in both his Complaint and his Proposed First Amended Complaint that he went to the Store in May 2014 to shop and there was not an accessible parking space available in the parking lot and the lot continues to lack an accessible parking space. (Compl. ¶ 13; Proposed FAC ¶¶ 15-16.)

Plaintiff alleges in the Proposed FAC, as well as the Complaint, that Defendant Kurmac, Inc. owns the Store Plaintiff attempted to visit and Defendants Carolyn and Gary Hanafin own the property where the Store is located. (Compl. ¶¶ 2-5; Proposed FAC ¶¶ 2-3, 6-7.) Plaintiff seeks to add Defendant MUFG Union Bank N.A. Plaintiff alleges Union Bank is the owner of an adjacent property. (Proposed FAC ¶¶ 4-5.) Plaintiff alleges that parking spaces were available in a parking lot on adjacent property that customers of the Store were allowed to use, but there were no accessible parking spaces in that lot. (*Id.* ¶ 15.)

## II.  Procedural History

After filing his Complaint, the parties filed two joint motions to extend time for Defendants Gary and Carolyn Hanafin and Defendant Kurmac, Inc. ("named Defendants") to respond. (Docket Nos. 7, 9.) The named Defendants filed an Answer to the Complaint on February 26, 2016. (Docket No. 11.) On March 2, 2016, the case was scheduled for an Early Neutral Evaluation Conference on April 19, 2016. (Docket No. 12.) On April 12, 2016, Plaintiff filed his Motion for Leave to Amend. (Docket No. 13.) On April 14, 2016 the parties sought and obtained a continuance of the ENE to June 2, 2016, based in part on the Motion for Leave to Amend. (Docket Nos. 14-15.)

**DISCUSSION**

Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting "the underlying purpose of Rule

15—to facilitate decision on the merits rather than on the pleadings or technicalities."). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)).

Given the early stage of the proceedings and the lack of prior amendments, the only factor at issue here is futility. "[T]he 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1988)).

In the proposed FAC, Plaintiff appears to be alleging that the property Union Bank allegedly owns contains the parking lot Plaintiff encountered in visiting the Store. Plaintiff does not specifically plead as much, but alleges Union Bank owns "the property adjacent to the" Store and later pleads the allegedly deficient parking lot was on "the adjacent property immediately to the east." (Proposed FAC ¶¶ 4-5, 15-16.)

In Opposition to the Motion, Defendants argue the amendment is futile because there is "no obligation by a neighboring property owner to provide access to a business." (Opp'n at 2-3 (citing *Pickern v. Pier 1 Imports (US), Inc.*, 457 F.3d 963 (9th Cir. 2006).) This is not an accurate statement of *Pickern*. The *Pickern* court found a defendant retail store could not "be held liable under the ADA for discrimination that takes place on property it has not owned, leased, or controlled" absent "contractual agreements . . . that would have provided them with control over property." *Pickern*, 457 F.3d at 968. The

plaintiff argued the defendant had to provide a ramp over city property to provide access to the retail store. *Id.* at 966. The case addressed the liability of a store owner and its landlord that lacked control over city property. *Id.* at 966-68. It did not reach the liability of a neighboring property owner for its own violations of the ADA. The holding suggests a claim against the named Defendants based on the lack of an accessible parking space on someone else's property is unlikely to succeed as to the named Defendants, but it does not address the primary purpose of the amendment — adding the owner of the parking lot that allegedly lacked accessible parking.

Given the mandate that leave to amend must be applied with extreme liberality, the Court grants the Motion. However, the Court notes that this Court's finding that the amendment is not entirely futile on the very minimal briefing provided is not an indication how the Court might rule on a properly noticed motion to dismiss filed by any of the Defendants.

## CONCLUSION

The Motion for Leave to Amend is **GRANTED**. The Clerk shall file the Proposed FAC attached to Plaintiff's Motion for Leave to Amend. Plaintiff must serve the FAC on all Defendants or before **May 20, 2016**.

Given the extensions already granted in this case, the Court cautions all parties that further requests for extensions or continuances are unlikely to be granted absent an extraordinary showing of good cause.

**IT IS SO ORDERED.**

Dated: May 13, 2016

Hon. Roger T. Benitez
United States District Judge