UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                              Plaintiff,<br><br>v.<br><br>GARRY D. HANAFIN, et al.<br><br>                              Defendants. | Case No.:  15CV2950 BEN (NLS)<br><br>**ORDER GRANTING DEFENDANTS'  MOTION TO DISMISS** |

Defendants Garry D. Hanafin, Carolyn E. Hanafin, and Kurmac, Inc. have filed a Motion to Dismiss Plaintiff Chris Langer's First Amended Complaint ("FAC") alleging violations of the American's with Disabilities Act ("ADA") and Unruh Civil Rights Act. Defendants challenge Plaintiff's standing to assert a claim against them for a lack of compliant accessible parking spaces in a parking lot Defendants do not own or control. Plaintiff has filed an Opposition and Defendants' a Reply. (Docket Nos. 27, 29.)  Because Plaintiff has alleged the parking lot that allegedly lacks accessible parking is owned by a different defendant, MUFG Union Bank N.A.,[1] and fails to allege any connection

---

[1] The Clerk entered default at Plaintiff's request as to MUFG Union Bank, N.A. on June 29, 2016 (Docket No. 28.)  The Court's references to Defendants here only refer to the moving defendants unless otherwise noted.

1

between MUFG that would make the Defendants responsible for those deficiencies, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (FAC. ¶ 1.) He has a van with a specially equipped ramp that deploys out of his van and he has a Disabled Person Parking Placard. (FAC. ¶ 1.) He alleges that he went to the Gems-N-Loans store ("the Store") in May 2014 and there were no accessible parking spaces available in an adjacent parking lot and the lot continues to lack an accessible parking space. (FAC ¶¶ 15-16.)

Plaintiff alleges that Defendant Kurmac, Inc. owns the Store and Defendants Carolyn and Gary Hanafin own the property where the Store is located. (FAC ¶¶ 2-3, 6-7.) Plaintiff alleges Defendant MUFG Union Bank N.A. is the owner of the adjacent parking lot that lacked accessible parking spaces. (FAC ¶¶ 2, 4-5; *see also* Mot. for Leave to Amd. (Docket No. 13 at 1).)

## DISCUSSION

A plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Labor*, 9 F.3d 792, 795 (9th Cir. 1993). Plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. A lack of standing is a challenge to subject-matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) that "can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When a factual attack is made, the Court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998). However, this expansive review "is not appropriate for determining jurisdiction . . . where issues of jurisdiction and substance are intertwined." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Defendants primarily argue Plaintiff has failed to meet the second and third requirements for standing because any injury Plaintiff has suffered is not traceable to them or redressable against them because they do not provide parking[2] and they do not own or control the parking lot that allegedly lacked accessible parking. Essentially, they argue that any injury to Plaintiff from being denied accessible parking is not traceable to Defendants because they do not provide parking to anyone and they do not have control over a parking lot on someone else's property. Plaintiff argues that the Court cannot consider Defendants' evidence because the jurisdictional question the Court needs to address — whether Defendants provide parking — is a factual issue going to merits of his claim. Plaintiff asserts that the Court cannot reach this question until summary judgment and after completion of discovery.

However, the Court need not delve into Defendants' evidence because the allegations of the FAC fail to allege standing or to state a claim. Plaintiff fails to allege standing because any injury Plaintiff suffered is not traceable (as alleged) to Defendants or redessible against them through injunctive relief under the ADA. And, Plaintiff fails to state a claim because there are no allegations connecting the Defendants to the allegedly deficient parking lot.

Plaintiff alleges there were no accessible parking spaces in the parking lot adjacent to the Store. Plaintiff also alleges that lot is owned by a different defendant. There are no allegations connecting the Defendants to the allegedly non-compliant parking lot other than it being adjacent to the Defendants' property and business. In this respect, the injury

---

[2] Defendants assert that the lack of accessible parking is only discriminatory if parking is provided to others. This is consistent with the ADA Accessibility Guidelines. "*Where parking spaces are provided*, parking spaces shall be provided in accordance with 208." 36 C.F.R. Pt. 1191, App B § 208.1 (emphasis added). Section 208 identifies the minimum number of accessible parking spaces that must be provided depending on the number of parking spaces. § 208.2 (identifying in a table that 1 to 25 spaces requires 1 accessbile space, 26 to 50 requires 2, etc.).

Plaintiff alleges is not traceable to these Defendants. Additionally, because these Defendants do not own the parking lot and there are no allegations suggesting any other means by which they could control it, Plaintiff's alleged injury (lack of accessible parking) is not likely to be redressed by a favorable decision. Defendants cannot remedy a deficiency of someone else's property.

These same deficiencies undermine the claim itself. In *Pickern v. Pier 1 Imports*, the Ninth Circuit found a defendant retail store could not "be held liable under the ADA for discrimination that takes place on property it has not owned, leased, or controlled" absent "contractual agreements . . . that would have provided them with control over property." 457 F.3d 963, 968 (9th Cir. 2006). The defendant could not be liable for failing to provide a ramp over property owned by the city. *Id.* at 966-68. Here, the FAC fails to state an ADA claims because it lacks any allegations that the Defendants own, lease, or otherwise have any contractual arrangement that would allow them to control the parking lot.[3]

Although the Court finds it unlikely Plaintiff can amend to allege standing or state a claim against the Defendants given their lack of connection to the allegedly deficient parking lot, the Court will grant Plaintiff leave to amend to attempt to allege standing and to state a plausible claim.

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff is granted leave to file a second amended complaint on or before **October 10, 2016**.

**IT IS SO ORDERED**.

Dated:  September 26, 2016

_____
Hon. Roger T. Benitez
United States District Judge

---

[3] The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in the absence of a plausible federal claim.